UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CRICKET COMMUNICATIONS, INC.,

    Plaintiff(s),

v.

HIPCRICKET, INC.,

    Defendant(s).

NO. C08-908MJP

ORDER ON DISCOVERY MOTIONS

The above-entitled Court, having received and reviewed Defendant's Motion to Preclude Evidence of Events (Dkt. No. 89), Plaintiff's Motion to Exclude Evidence (Dkt. No. 103) and Plaintiff's Motion to Compel Production of Documents (Dkt. No. 107) and all responsive briefing, exhibits and declarations relative to those pleadings, enters the following rulings:

IT IS ORDERED that Defendant's Motion to Preclude Evidence is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Exclude Evidence is DENIED as premature, but without prejudice to Plaintiff to raise it at trial.

IT IS FURTHER ORDERED that Plaintiff's Motion to Compel is DENIED with leave for the parties to file a unified submission pursuant to Local Rule 37 in the event that Plaintiff believes that the discovery provided by Defendant is incomplete. (See below for the Court's ruling concerning Requests No. 81 and 86.)

**Discussion**

Regarding Defendant's Motion to Preclude Evidence, it appears to the Court that Plaintiff has now produced all documents responsive to the discovery requests at issue. The Court assumes that nothing has been held back and that, following a diligent search, the production is complete. The parties' vitriolic attacks and inflammatory rhetoric make it impossible to sort out what harm (if any)

**ORDER ON
DISC MTNS- 1**

1 | has been caused by the alleged delay in production. If further production is needed, the parties can
2 | request it, but with several months remaining until trial the Court does not see how the harm of which
3 | Defendant complains can justify the sanction of evidentiary exclusion.

4 | Concerning Plaintiff's Motion to Exclude Evidence, the Court does not find the motion
5 | untimely – the Court finds the motion premature. Essentially, Plaintiff is asking the Court to enforce
6 | the legal maxim that a party may not use at trial material which it has shielded with the cloak of
7 | privilege during discovery. Until the evidence of which Plaintiff complains is offered, there is nothing
8 | to exclude. Plaintiff is directed to raise the issue if and when the material which it considers violative
9 | of the rule is offered at trial.

10 | Turning to Plaintiff's Motion to Compel Production, Defendant insisted that it would produce
11 | the materials which were agreed to be produced during the discovery conference on January 5, 2009
12 | (with the exception of Requests No. 81 and 86). The 30 days from the date of that promise has
13 | elapsed and all the documents should have been produced as agreed. If Plaintiff still feels that
14 | discovery is incomplete, the parties are directed to utilize the combined CR 37 joint submission format
15 | outlined in the Local Rules to bring any disputes to the Court's attention.

16 | Regarding Request No. 81: Defendant need only provide historical financial data through
17 | 2008.

18 | Regarding Request No. 86: Defendant need not produce evidence of web pages visible to end
19 | users which only contain the word "Hipcricket" as part of a URL and/or copyright notice.

The clerk is directed to provide copies of this order to all counsel of record.

Dated: February _20__, 2009

Marsha J. Pechman
U.S. District Judge

ORDER ON
DISC MTNS- 2