UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CRICKET COMMUNICATIONS, INC.<br><br>Plaintiff,<br><br>v.<br><br>HIPCRICKET, INC.<br><br>Defendant. | Case No. C08-00908 MJP<br><br>ORDER DENYING DEFENDANTS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL COUNTERCLAIM |

This matter comes before the Court on Defendant's motion for leave to file a supplemental counterclaim. (Dkt. No. 77.) After reviewing the motion, Plaintiff's response (Dkt. No. 80), Defendant's reply (Dkt. No. 86), and all documents submitted in support thereof, the Court DENIES the motion.

**Background**

Plaintiff Cricket Communications, Inc ("Cricket"), a wireless telecommunications service provider, brings suit against Defendant Hipcricket, Inc ("Hipcricket") alleging Lanham Act, state trademark law, and state unfair competition law violations. (Dkt. No. 1.) On June 26, 2008, Hipcricket filed a counterclaim for declaratory relief. (Dkt. No. 38.) The discovery deadline was January 5, 2009. (Dkt. No. 69.)

Hipcricket provides and implements interactive text messaging promotions, and its business model depends on "short codes" being connected to various wireless service providers, including Cricket. (Dkt. No. 77 at 2.) At a date disputed by the parties, Cricket

ORDER - 1

began refusing to connect Hipcricket's short codes to its network. (Id.; Dkt. No. 80 at 3.) Hipcricket seeks leave to file a supplemental counterclaim asserting that this conduct violates the nondiscrimination policy of the Telecommunications Act of 1996, 47 U.S.C. §202(a), and is an illegal restraint of trade under Section 1 of the Sherman Act, 15 U.S.C. §1. (Dkt. No. 77.)

**Discussion**

The Court has broad discretion to "permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented," Fed. R. Civ. P. 15(d); supplemental claims may be allowed in order to "promote the speedy and economical disposition of a controversy." Keith v. Volpe, 858 F.2d 467, 473 (9th Cir. 1998).

The Court declines to permit the proposed supplemental counterclaim because discovery is complete and trial is scheduled for early May. See Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994) (finding that the district court did not abuse its discretion in refusing a motion to amend when "trial was only two months away, and discovery was completed."). The Court does not accept the argument that no additional discovery would be required. Reopening discovery would disrupt the pretrial and trial schedule, increase costs to the parties, and unfairly prejudice Cricket.

Moreover, "[w]hile leave to permit supplemental pleading is favored, it cannot be used to introduce a separate, distinct, and new cause of action." Planned Parenthood of Southern Ariz. v. Neely, 130 F.3d 400, 402 (9th Cir. 1997) (internal citations and quotation marks omitted). Hipcricket's proposed supplemental counterclaim involves new and distinct antitrust and telecommunications claims that are related to the underlying trademark claims "only in a very broad sense." Matsushita Elec. Indus. Co. v. CMC Magnetics Corp., 2007 WL 127997 at *4 (N.D. Cal. Jan. 12, 2007). These claims will require legal briefing beyond the scope of the current litigation, and allowing them "would inject an additional layer of

ORDER - 2

complexity and delay into an already complex action." See id. (denying a proposed counterclaim that would add a separate, distinct, and new claim that would not promote economical resolution of the case). There are no "technical obstacles" preventing Hipcricket from bringing a new, separate action on these claims. Neely, 130 F.3d at 402.

Although Hipcricket contends that the facts alleged in its supplemental counterclaim had not occurred when it filed its original counterclaim on June 26, 2008 (Dkt. No. 77 at 5), Cricket has presented evidence that suggests that at least some of the events complained of occurred prior to that date. (See Dkt. No. 82.)

Because the requirements of Fed. R. Civ. P. 15(d) are not met, the Court will not address the merits of the proposed counterclaim.

**Conclusion**

Because the proposed counterclaim raises totally new issues that would require additional discovery and briefing and result in undue delay and prejudice, the Court hereby DENIES Defendants' motion for leave to file a supplemental counterclaim.

The Clerk is directed to send a copy of this order to all counsel of record.

DATED this 20th day of February, 2009.

Marsha J. Pechman
United States District Judge